IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| HELEN BEECHING; MELISSA CAPPS; ELIZABETH COMBS; CHARLOTTE CRAMER; DONNA CRAWFORD; LIBBY GILLETTE; THOMAS JOHNSTON, | Civ. No. 6:23-cv-01486-AA |
| Plaintiffs, | **OPINION & ORDER** |
| v. | |
| PEACEHEALTH, | |
| Defendant. | |

AIKEN, District Judge.

This case comes before the Court on a Motion to Dismiss filed by Defendant PeaceHealth. ECF No. 6. The Court concludes that this motion is appropriate for resolution without oral argument. For the reasons set forth below, the Motion is GRANTED and the Complaint is DISMISSED with leave to amend. Plaintiffs shall have thirty days in which to file an amended complaint.

**LEGAL STANDARD**

To survive a motion to dismiss under the federal pleading standards, a pleading must contain a short and plain statement of the claim and allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007)). While a pleading does not require "detailed factual allegations," it needs more than "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 677-78. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 678. Legal conclusions without any supporting factual allegations do not need to be accepted as true. *Id*.

## BACKGROUND

Defendant PeaceHealth is a healthcare corporation in Oregon. Compl. ¶ 1. ECF No. 1. Plaintiffs were employed by Defendant during the COVID-19 pandemic. During the pandemic, Defendant implemented a requirement that its employees be vaccinated against COVID-19 with the option to request an exception on religious grounds. *Id*. at ¶ 3.

Plaintiff Helen Beeching was employed by Defendant as a concierge and a patient access representative. Compl. ¶ 5. Beeching filed for a religious exception to the vaccine requirement "due to her strongly held Christian beliefs," and the exception was granted. *Id*. at ¶ 7. Beeching was placed on unpaid administrative leave on September 1, 2021 and was eventually terminated in June 2023. *Id*.

Plaintiff Melissa Capps was employed by Defendant as a medical assistant. Compl. ¶ 10. Capps applied for a religious exception for the COVID-19 vaccine on August 9, 2021, and the request was granted. *Id*. at ¶¶ 10-11. Capps was placed on

indefinite unpaid administrative leave. *Id.* After a year "Capps was able to obtain employment as a Medical Assistant," and in June 2023 Capps was offered a position as a histotechnician with Defendant. *Id.* at ¶ 12.

Plaintiff Elizabeth Combs was employed by Defendant as a cook. Compl. ¶ 14. Combs submitted a request for a religious exemption to the vaccine mandate based on her "deeply held Christian beliefs" on August 21, 2021. *Id.* at ¶ 15. The request was granted and Combs was placed on unpaid administrative leave on September 1, 2021 and was eventually terminated on April 30, 2023. *Id.*

Plaintiff Charlotte Cramer was employed by Defendant as a registered nurse care manager. Compl. ¶ 17. "Due to her religious beliefs," Cramer was not able to receive the COVID-19 vaccine. *Id.* at ¶ 18. Cramer applied for a religious exemption, which was granted. *Id.* Cramer was placed on indefinite unpaid leave on September 1, 2023. *Id.*

Plaintiff Donna Crawford was employed by Defendant as a registered nurse care manager. Compl. ¶ 21. Crawford's "strong Christian religious beliefs" prevented her from receiving the COVID-19 vaccine. *Id.* at ¶ 22. Crawford applied for and received a religious exception to the vaccine mandate. *Id.* Crawford was placed on unpaid leave on September 1, 2021. *Id.*

Plaintiff Libby Gillette was employed by Defendant as a registered nurse. Compl. ¶ 24. Gillette applied for a religious exception to the vaccine mandate on August 17, 2021, "due to her strong Christian beliefs." *Id.* at ¶ 25. Gillette's request for an exception was granted and she was placed on unpaid leave on September 1,

2021. *Id.*

Plaintiff Thomas Johnston was employed by Defendant as a catheterization laboratory technologist. Compl. ¶ 27. Johnstone applied for a religious exception to the vaccine mandate, which was granted. *Id.* at ¶ 28. Johnston was placed on indefinite unpaid leave on September 1, 2021. *Id.*

## DISCUSSION

Plaintiff brings claims for (1) unlawful employment discrimination based on religion in violation of ORS 659A.030(1)(a); and (2) unlawful discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* Defendant moves to dismiss for failure to state a claim because "Plaintiffs' religious discrimination claims are predicated on conclusory allegations, and they have not plausibly alleged any facts that would establish their anti-vaccination beliefs are religious in nature or constitute a religious conflict to be protected under Title VII or ORS 659A.030." Def. Mot. 3.

Under Title VII, it is unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's … religion[.]" 42 U.S.C. § 2000e-2(a)(1). The term "religion" encompasses all aspects of religious practice and belief. 42 U.S.C. § 2000e(j); *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 602 (9th Cir. 2004).

Title VII failure-to-accommodate claims are analyzed under a two-part, burden-shifting framework. *Tiano v. Dillard Dep't Stores, Inc.*, 139 F.3d 679, 681

(9th Cir. 1998). A plaintiff must first plead a prima facie case of religious discrimination. *Id.* If an employee makes out a prima facie case, the burden shifts to the employer to show that it made good-faith efforts to reasonably accommodate the religious practice or that it could not accommodate without undue hardship. *Id.*

To make a prima facie case of religious discrimination under Title VII, a plaintiff must show that "(1) she had a bona fide religious belief, the practice of which conflicted with an employment duty; (2) she informed her employer of the belief and conflict; and (3) the employer threatened her or subjected her to discriminatory treatment, including discharge, because of her inability to fulfill the job requirements." *Tiano*, 139 F.3d at 681 (citation omitted). The same elements apply to claims under ORS 659A.030. *See, Pullom v. U.S. Bakery*, 477 F. Supp. 2d 1093, 1100 (D. Or. 2007) ("Because O.R.S. 659A.030 is modeled after Title VII, plaintiff's state law discrimination claim can be analyzed together with her federal discrimination claim.").

"A bona fide religious belief is one that is 'sincerely held,'" and a court "should generally accept the assertion of a sincerely held religious belief." *Kather v. Asante Health Sys.*, No. 1:22-cv-01842-MC, 2023 WL 4865533, at *3 (D. Or. July 28, 2023) (internal quotation marks and citations omitted). The burden to allege a religious conflict with an employment duty is minimal. *Bolden-Hardge v. Office of Cal. State Controller*, 63 F.4th 1215, 1223 (9th Cir. 2023). However, a court need not take "conclusory assertions of violation of [a plaintiff's] religious beliefs at face value." *Id.* "A threadbare reference to the plaintiff's religious beliefs is insufficient to satisfy the

first element of a prima facie case," and "Title VII does not protect medical, economic, political, or social preferences." *Kather*, 2023 WL 4865533, at *3 (internal quotation marks and citations omitted).

In their Response, Plaintiffs devote much of their argument to defending the sincerity of their religious beliefs, but that misses the thrust of Defendant's motion. Defendant does not, in the present motion, challenge the sincerity of Plaintiffs' beliefs. Instead, it challenges the sufficiency of the factual allegations concerning the religious character of Plaintiffs' objection to the vaccine or the conflict between their religious beliefs and the vaccine mandate.

The factual allegations in the Complaint concerning the nature of Plaintiffs' religious objections or the conflict between their religious beliefs and the vaccine mandate are limited. As set forth in the Background section, the Complaint alleges that the individual Plaintiffs each submitted a religious exception request, which was granted. In the case of Beeching, Combs, Crawford, and Gillette, the Complaint includes a brief reference to Christian beliefs as the basis for the exception request. Compl. ¶¶ 7, 15, 22, 25. In the case of Capps, Cramer, and Johnston, the Complaint does not allege the nature of their individual religious exception requests, beyond the general allegation that all Plaintiffs have sincere Christian beliefs. *Id.* at ¶¶ 10-13, 17-20, 27-29, 41. The Complaint includes the conclusory allegation that Plaintiffs' "sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate," *Id.* at ¶¶ 36, 42, but the Complaint does not describe the nature of the conflict.

The requirement that Title VII plaintiffs "provide more than a recitation of the elements of a prima face case is not an empty formalism." *Gamon v. Shringers Hosp. for Chilren*, Case No. 3:23-cv-00216-IM, 2023 WL 7019980, at *3 (D. Or. Oct. 25, 2023). Here, Plaintiffs' threadbare and conclusory allegations are insufficient to state a claim under Rule 12(b)(6). Although, as noted, "the burden to allege a conflict with religious beliefs is fairly minimal," courts need not "take plaintiff's conclusory allegations of violations of their religious beliefs at face value" and must still ask "whether [a plaintiff] has alleged an actual conflict." *Bolden-Hardge*, 63 F.4th at 1223. "Consistent with this rule, several district courts have dismissed Title VII complaints for making conclusory allegations regarding the plaintiff's religious views that do not describe the conflict between those views and the former employer's policies." *Gamon*, 2023 WL 7019980, at *2 (collecting cases). As courts in this District have held, "vague expressions of sincerely held Christian beliefs alone cannot serve as a blanket excuse for avoiding all unwanted employment obligations." *Kather*, 2023 WL 4865533, at *5; *see also Trinh v. Shriner's Hosp. for Children*, Case No. 3:22-cv-01999-SB, 2023 WL 7525228, at *10 (D. Or. 23, 2023) (finding that a complaint failed to state a claim for religious discrimination based on conclusory allegations concerning objections based on "bodily integrity" and "purity of [the plaintiff's] body."); *Craven v. Shriners Hosp. for Children*, Case No. 3:22-cv-01619-IM, 2024 WL 21557 at *4 (D. Or. Jan. 2, 2024) ("Of course, this Court does not question the sincerity of Plaintiff's belief that his 'body is a temple of the Holy Spirit.' But Plaintiff's belief about the composition of his body and that of the vaccine are independent of one

another[.]'" (internal citation omitted)).

The Court concludes that the Complaint, as currently pleaded, fails to state a claim on its face because the allegations concerning Plaintiffs religious beliefs and the conflict between those beliefs and the vaccine mandate are conclusory. Plaintiffs suggest that the Court should look beyond the Complaint and "take notice of [Plaintiff's] exemption requests, since they are specifically referred to in the Complaint." Pls. Resp. 7. ECF No. 8.[1]    From this, the Court infers that Plaintiffs are requesting consideration of materials outside the Complaint under the doctrine of incorporation by reference.

The general rule is that "district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6)[.]" *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). The incorporation-by-reference doctrine is one of "two exceptions to this [general] rule[.]" *Id.* The incorporation-by-reference doctrine is a judicial creation that "treats certain documents as though they are part of the complaint itself" and "prevents plaintiff from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id.* at 1002. The Ninth Circuit has previously recognized that "a defendant may seek to incorporate a document into the complaint 'if the plaintiff refers extensively to the document or the document forms a basis of the plaintiff's claim.'" *Id.* (quoting *United*

---

[1] Despite asking this Court to consider their exception request forms, Plaintiffs also assert that it would be reversible error for this Court to consider matters extraneous to the Complaint while assessing Defendants' Motion to Dismiss. Pls. Resp. 3. ECF No. 8.

*States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)).  With respect to the extensiveness of the complaint's references, the Ninth Circuit has "held that 'the mere mention of the existence of a document is insufficient to incorporate the contents of a document' under *Ritchie*."  *Khoja*, 899 F.3d at 1002 (quoting *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010)).  Here, Plaintiffs' request inverts the usual situation in which a defendant seeks to incorporate material that a plaintiff has, perhaps selectively, omitted from a complaint.  Instead, Plaintiffs seek to have the Court take notice of documents whose contents Plaintiffs could have simply alleged in the Complaint.  Despite this, the Court has considered Plaintiffs' request and, while the Complaint references the existence of the exception requests and states that they were granted, it would stretch the meaning of the word to say that the Complaint "extensively" refers to the documents.

Nevertheless, the Court has reviewed the exception requests and has determined that they contain additional facts that, if alleged, might remedy the defects in the Complaint as to at least some Plaintiffs.  The Court cannot rule out the possibility that there are other unpleaded facts that could similarly remedy the defects in the present Complaint.  *See Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009) ("Dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment." (internal quotation marks and citation omitted)).

The Court will therefore DISMISS the Complaint with leave to amend.  Plaintiffs shall have thirty (30) days from the date of this Order in which to file an

amended complaint.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss, ECF No. 6, is GRANTED and the Complaint is DISMISSED with leave to amend.  Plaintiffs shall have thirty days from the date of this Order in which to file an amended complaint. Plaintiffs are advised that failure to file an amended complaint within the allotted time will result in the entry of a judgment of dismissal without further notice.

It is so ORDERED and DATED this ___22nd___ day of August 2024.


 /s/Ann Aiken_____
ANN AIKEN
United States District Judge