IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| HELEN BEECHING; MELISSA CAPPS; ELIZABETH COMBS; CHARLOTTE CRAMER; DONNA CRAWFORD; LIBBY GILLETTE; THOMAS JOHNSTON, | Civ. No. 6:23-cv-01486-AA<br><br>**OPINION & ORDER** |
| Plaintiffs, | |
| vs. | |
| PEACEHEALTH, | |
| Defendant. | |

AIKEN, District Judge:

Plaintiffs Helen Beeching, Melissa Capps, Elizabeth Combs, Charlotte Cramer, Donna Crawford, Libby Gillette, and Thomas Johnston bring a religious discrimination claim against their former employer, Defendant PeaceHealth, under Title VII of the Civil Rights Act of 1964 and ORS 659A.030. *See* First Am. Compl. ("FAC"), ECF No. 18. Defendant moves to dismiss the claims of Plaintiffs Beeching, Crawford, and Gillette. For the reasons stated below, Defendant's Partial Motion to Dismiss, ECF No. 19, is GRANTED. The claims of Plaintiffs Beeching, Crawford, and Gillette are DISMISSED with prejudice.

## BACKGROUND

In March 2020, the global COVID-19 pandemic hit the United States. In August 2021, the FDA approved the first COVID-19 vaccine. That same month, the Oregon Health Authority ("OHA") issued a rule requiring all Oregon healthcare providers and staff to be fully vaccinated against COVID-19 or comply with its process for documenting a religious or medical exemption to the vaccine. OAR 333-019-1010 (2021) (the "OHA Vaccine Mandate").

In accordance with the OHA Vaccine Mandate, Defendant PeaceHealth "imposed a vaccine mandate to its employees, but, consistent with law, permitted employees to apply for religious or medical exemptions to the vaccine." FAC ¶ 3.

In 2021, Plaintiffs Beeching, Crawford, and Gillette were employed by PeaceHealth: Beeching, as a Concierge and Patient Access Representative, FAC ¶ 5; Crawford, as an Emergency Department Registered Nurse Care Manager, *id.* at ¶ 21; and Gillette, as a Registered Nurse, *id.* at ¶ 24. Plaintiffs each applied for and were granted religious exemptions to the vaccine mandate and were placed on unpaid administrative leave. *Id.* at ¶¶ 7, 22, 25.

## LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When evaluating the sufficiency of a complaint's allegations, a court must accept plaintiff's allegations of fact as true and construe them in the light most favorable to the plaintiff. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012). But a

plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation" of the action's elements. *Id.* at 555 (internal quotation marks and citation omitted).

To survive a motion to dismiss, a pleading must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 663, 667 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.

## DISCUSSION

Plaintiffs assert employment discrimination claims under Title VII and ORS 659A.030. They allege that PeaceHealth discriminated against them because it failed to reasonably accommodate because it declined to allow them to work unvaccinated, with other precautions, at a PeaceHealth healthcare facility. FAC ¶¶ 7, 22, 25. Defendants move to dismiss Plaintiffs' claims.

I.    *Religious Discrimination Claims Generally*

Seven plaintiffs bring claims for unlawful religious discrimination under Title VII and ORS 659A.030. Defendant moves to dismiss the claims of three of the Plaintiffs—Beeching, Crawford, and Gillette—because their "underlying bases for

objecting to vaccination are not religious beliefs entitled to Title VII protection." Def. Mot. at 3.

Title VII failure-to-accommodate claims are analyzed under a two-part, burden-shifting framework. *Tiano v. Dillard Dep't Stores, Inc.*, 139 F.3d 679, 681 (9th Cir. 1998). A plaintiff must first plead a *prima facie* case of religious discrimination. *Id.* If the plaintiff makes out a *prima facie* case, the burden shifts to the employer to show it made good-faith efforts to reasonably accommodate the employee or that it could not reasonably accommodate without undue hardship. *Id.*

Plaintiffs' state-law claims under ORS 659A.030 are analyzed the same way. *See Pullom v. U.S. Bakery*, 477 F. Supp. 2d 1093, 1100 (D. Or. 2007) ("Because ORS 659A.030 is modeled after Title VII, plaintiff's state law discrimination claim can be analyzed together with [their] federal discrimination claim." (citing *Heller v. EBB Auto Co.,* 8 F.3d 1433, 1437 n.2 (9th Cir. 1993); *Winnett v. City of Portland,* 118 Or. App. 437 (1993)).

To establish a *prima facie* case of religious discrimination under Title VII, a plaintiff must plead that: (1) they "had a bona fide religious belief, the practice of which conflicts with an employment duty;" (2) they "informed [their] employer of the belief and conflict;" and (3) the employer discharged them because of the employee's inability to fulfill the job requirement. *Peterson v. Hewlett–Packard Co.*, 358 F.3d 599, 606 (9th Cir. 2004).

As to the first element of a *prima face* case, a plaintiff must plead a bona fide religious belief and allege how that belief conflicts with an employment duty. *See*

*Bolden-Hardge v. Office of the Cal. State Controller*, 63 F.4th 1215, 1222–23 (9th Cir. 2023). "A bona fide religious belief is one that is 'sincerely held,'" and a court "should generally accept the assertion of a sincerely held religious belief." *Kather v. Asante Health Sys.*, No. 1:22-cv-01842-MC, 2023 WL 4865533, at *3 (D. Or. July 28, 2023) (internal quotation marks and citations omitted). Further, "[a] religious belief need not be consistent or rational to be protected under Title VII[.]" *Keene v. City & Cnty. of San Francisco*, No. 22-16567, 2023 WL 3451687, at *2 (9th Cir. May 15, 2023) (citing *Thomas v. Rev. Bd.*, 450 U.S. 707, 714 (1981)). As to religious-based vaccine objections, a court may not "question the legitimacy of [an individual's] religious beliefs regarding COVID-19 vaccinations." *Doe v. San Diego Unified Sch. Dist.*, 19 F.4th 1173, 1176 n.3 (9th Cir. 2021).

The plaintiff's burden in alleging how their religious beliefs conflict with employment requirements is "minimal." *Bolden-Hardge*, 63 F.4th at 1223. But courts need not "take plaintiffs' conclusory assertions of violations of their religious beliefs at face value." *Id*. "A threadbare reference to the plaintiff's religious beliefs is insufficient to satisfy the first element of a *prima facie* case." *Kather*, 2023 WL 4865533, at *5 (internal quotation marks and citation omitted). Nor does Title VII protect medical, economic, political or social views, or personal preferences. *Id*. at *4 (collecting cases). A court must distinguish between conflicts that are "rooted in religious belief" as opposed to "'purely secular' philosophical concerns." *Callahan v. Woods*, 658 F.2d 679, 683 (9th Cir. 1981) (quoting *Wisconsin v. Yoder*, 406 U.S.205, 215 (1965).

Page 5 – OPINION AND ORDER

II.    *Plaintiffs' First Amended Complaint*

In the FAC, Plaintiffs Beeching, Crawford, and Gillette include text from their employee exemption requests to provide more detail about their claims. FAC ¶¶ 7, 22, 25.

A.    *Beeching*

In the FAC, Beeching provides the following text from her exemption request:

> I believe in the trinity and rely solely on the word of God, the teaching of Jesus Christ, and the leading of the Holy Spirit through prayer to address this current situation. I find it morally unacceptable to submit to mere mans [sic] ways of trying to alter what God created. He is my healer, protector, and deliver [sic] in the greatest atrocity to hit Humankind. I cannot in good conscience condon [sic] this aboration [sic] to God.

FAC ¶ 7.

Defendant argues that "Beeching's [exemption] request does not identify any religious belief that actually conflicts with PeaceHealth's vaccination requirement[]" and "[a]t most, . . . indicates that she prefers to rely on spiritual responses to the COVID-19 pandemic." Def Mot. at 9.

Courts within this District have noted that vaccine religious exemption cases generally fall into three categories: (1) those in which plaintiffs merely allege a general statement of religious conflict without identifying a conflicting belief; (2) those in which plaintiffs allege a religious belief coupled with a secular objection; and (3) those in which plaintiffs allege a religious belief and a general statement that acquiring the vaccine is in conflict with that belief. *Prodan v. Legacy Health*, 716 F. Supp. 3d 1044, 1049 (D. Or. 2024).

Beeching's objection falls into the first category because, although the Court does not question that her religious beliefs are sincere, she fails to allege a religious conflict with PeaceHealth's vaccine requirement. Beeching does not indicate how her religious beliefs conflict with obtaining the vaccine.

For cases in the first category, courts in this District tend to agree that "a general allegation of religious conflict without identifying a conflicting belief is insufficient to survive a motion to dismiss." *Prodan*, 716 F. Supp. 3d at 1949; *see also Kather*, 2023 WL 4865533, at *5 (D. Or. July 28, 023), (dismissing a Title VII claim where plaintiff alleged that defendant "exalts itself in purporting to place an unbeliever in a position to judge the Word of God[,]" which "is blasphemy, satanic, sinful, untruth, and insultive [sic] trespass[]" and explaining that the "allegation only generally emotes religious opposition to Defendant's authority to mandate vaccines[]" and "hint[s] at religious beliefs but do[es] not specify how those beliefs conflict with obtaining a COVID-19 vaccine"); *Stephens v. Legacy-GoHealth Urgent Care*, No. 3:23-CV-00206-SB, 2023 WL 7612395, at *1, 4 (D. Or. Oct. 23, 2023) (dismissing a Title VII claim where plaintiff, a "devout Christian," alleged that she "did not believe it was consistent with her faith to take the vaccine" because plaintiff failed to allege how the practice of her religion conflicts with employer's vaccine mandate).

Plaintiff argues that because she alleges a sincerely held religious belief in her exemption request and because an employer is not permitted to "delve into the religious practices of an employee," she satisfies the first element of a *prima facie* Title VII claim. Pls. Resp. at 5, ECF No. 20.

Page 7 – OPINION AND ORDER

The Court agrees that under Title VII, a plaintiff's religious beliefs are presumed to be sincerely held and that they need not be "acceptable, logical, consistent, or comprehensible to others[.]" *Keene*, 2023 WL 3451687, at *5-6; *Doe*, 19 F.4th at 1176 n.3. However, to make a *prima facie* Title VII case, Beeching must also allege an actual conflict between those beliefs and her employer's job requirement, and she has not done so. *Bolden-Hardge*, 63 F.4th at 1223 ("[W]e do not interrogate the reasonableness of [plaintiff's] beliefs and instead focus our inquiry on whether [plaintiff] has alleged an actual conflict").

Here, because Beeching does not allege an actual conflict between her religious beliefs and PeaceHealth's vaccine requirement, the Court concludes that Beeching fails to state a religious discrimination claim under both Title VII and state law.

B. *Crawford*

In the FAC, Crawford provides the following text from her exemption request:

> I assert my right to religious exemption due to deeply held personal beliefs with a Christian worldview perspective. I ascribe to Divine Law, which is above all other law. I believe the Word of God (The Bible) is truth provided for living in this existence.
>
> My body is a temple of the Holy Spirit, and it is my duty to protect this vessel from harm. [Citation to scripture.]
>
> In aligning with honoring my body, I have a daily practice of eating a mostly organic diet, breathing practices, movement, and Spiritual care including prayer and scriptures.
>
> Vaccines have additives which alter the body and contain foreign DNA, animal proteins, attenuated viruses, carcinogens, and hazardous substances including neurotoxins. [Citation to CDC document.] In addition, vaccines are not pure in nature. [Citation to medical study.]

> It is not within your authority to mandate medical interventions on the sovereign nor infringe upon their rights to freedom of religion, freedom of conscience or pursuit of liberty; furthermore, such a mandate constitutes crimes against humanity. [Citation to Nuremberg Code].
>
> Regarding COVID19 experimental gene therapy (vaccine) specifically, is not free of adverse effects. There are no longitudinal studies to prove safety over time. The vaccine does not stop transmission nor protect individuals from having the disease, and the liability of adverse effects lies with me. Contracting COVID19 "virus" has a 98% survival rate on its own. As of 8/20/21, there are over 623,000 reported adverse events including over 13,000 deaths associated with COVID19 vaccines. [Citation to internet source.]
>
> I am choosing to abstain from COVID experimental gene therapy. As for me and my house, we will serve the Lord. [Citation to scripture.]

FAC ¶ 22.

Defendant asserts that Crawford's "specific secular [vaccine] objections," although "coupled with" a general religious belief, are insufficient to support a religious discrimination claim. Def. Mot. at 10.

Crawford's allegations fall into the second category of Title VII case law, "a religious belief coupled with a secular [vaccine] objection[]." *Prodan*, 716 F. Supp.3d at 1949. Crawford alleges a religious belief that the "body is a temple of the Holy Spirit." FAC ¶ 22. But she objects to the vaccine because she believes it is harmful ("vaccines have additives which alter the body and contain foreign DNA, animal proteins, attenuated viruses, carcinogens, and hazardous substances"); ineffective ("the vaccine does not stop transmission nor protect individuals from having the disease"); and lacks proper mandating authority ("[i]t is not within your authority to mandate medical interventions on the sovereign nor infringe upon their rights to freedom of religion . . ."). *Id.* In support, she cites a CDC webpage, a published

Page 9 – OPINION AND ORDER

medical study, an internet site that claims to collect vaccine-related morbidity and mortality statistics, and the Nuremberg Code. *Id.*

Courts in this District have held that "allegations of a religious belief coupled with a secular objection fails to plead a bona fide religious belief in conflict with an employment duty because the objection itself is secular." *Prodan*, 716 F. Supp. 3d at 1049. Title VII does not protect medical, economic, political, social, or personal preferences. *See Tiano,* 139 F.3d at 682 (9th Cir. 1998) ("Title VII does not protect secular preferences"); *Detwiler*, 2022 WL 19977290, at *4 (dismissing a Title VII claim by a plaintiff who alleged that her body was a "temple of God" and objected to the COVID-19 antigen testing requirements because she believed that the test was "dipped in ethylene oxide," a harmful "carcinogenic substance," determined by the court to be a medical/secular, not religious, objection).

While Crawford's religious belief that "[t]he human body is the temple of the Holy Spirit" is presumed sincerely held, her vaccine objection arises from conclusions that she derived from scientific and medical research, not from a religious tenet. And her religious belief that the "body is a temple of the Holy Spirit" does not transform her secular vaccine objections into religious ones. *See Craven v. Shriners Hosps. for Child.*, No. 3:22-cv-01619-IM, 2024 WL 21557, at *4 (D. Or. Jan. 2, 2024) (dismissing a Title VII claim because "[p]laintiff's [alleged] beliefs about the composition of his body and that of the vaccine are independent of one another; whether [p]laintiff's body is a temple has no bearing on whether the vaccine contains carcinogens or whether, as a result of its ingredients, it 'can cause serious harm'").

Page 10 – OPINION AND ORDER

For the above reasons, the Court concludes that Crawford alleges a secular, not a religious, conflict with PeaceHealth's vaccine requirement, and fails to state a religious discrimination claim under Title VII and state law.

C.  *Gillette*

In the FAC, Gillette provides the following text from her exemption request:

> My body is a temple of the living God, my blood is sacred and life is found in the blood. . . .
>
> My religious beliefs include what I do with and put in my body to honor and protect this one life I have been given – as a part of my religious expression. The human body is the temple of the Holy Spirit and as such, should not be used for medical treatments that are unnecessary and possibly harmful. I feel called by the Holy Spirit to not obtain this vaccine.
>
> There is no evidence that I am carrying an infectious disease, so I cannot be defined as a "direct threat" because this has not been established and is therefore not valid. A licensed medical doctor who has examined me would have to determine that I am a threat and since there is no court order of quarantine against me, there is no evidence that I am a threat to others.
> . . .
>
> Further, participating in a medical experiment, such as the Covid-19 vaccine, is also a violation of my religious beliefs. Covid vaccines have an emergency authorization by the FDA, not an approval. Therefore, these are experimental treatments, and I have the right to refuse consent – without being discriminated against.
>
> The standard of law is strict: no generalization or stereotypes can be applied. It is not lawful to make a blanket assumption that I am carrying an infectious disease that is a direct threat to the health and safety of others. Absent a valid and lawful court order (which could be appealed) there is no lawful authority for this organization to compel me to receive a Covid-19 vaccine. . . .

FAC ¶ 25.

Page 11 – OPINION AND ORDER

Defendant asserts that Gillette's vaccine objections are grounded in "scientific or medical reasoning" and are not protected by Title VII. Def. Mot. at 10.

Gillette's allegations, like Crawford's, fall into the second category of Title VII case law. Gillette alleges a religious belief that "[m]y body is a temple of the living God" but objects to the vaccine because it is a "medical treatment[] that [is] unnecessary and possibly harmful." FAC ¶ 25. She asserts that the vaccine is unnecessary for her because she has not been determined by a doctor or a court to be a "direct threat to the health and safety of others." *Id*. She implies that a doctor or a court could overcome her vaccine objection with a determination that she is a direct threat to others. She believes that the vaccine is harmful because it is a "medical experiment." *Id*. And she objects that "there is no lawful authority for this organization to compel me to receive a Covid-19 vaccine." *Id*. All of Gillette's vaccine objections—unnecessary, possibly harmful, and lack of proper mandating authority— are secular because they are based on medical, scientific, or legal/political beliefs that are not protected under Title VII. And, like Crawford, Gillette cannot transform her secular vaccine objections into religious ones by prefacing them with general religious statements such as "[m]y body is a temple of the living God" and "I feel called to not obtain the vaccine." *Id*.

The Court concludes that, like Crawford, Gillette alleges a secular, not a religious, conflict with PeaceHealth's vaccine requirement, and thus fails to state a religious discrimination claim under Title VII and state law.

III.   *Plaintiffs' Additional Arguments*

    A.   De Facto *Prima Facie* Case

Plaintiffs appear to argue that they *de facto* satisfy the Title VII pleading requirements because PeaceHealth granted their exemption requests. *See* Pls. Resp. at 9 ("Plaintiffs articulated clear statements that their religious beliefs were in direct conflict with taking the COVID-19 vaccine, sufficient that Defendant granted their requested exemptions"). The Court is not persuaded. Unlike the Court, PeaceHealth is a healthcare facility and is not bound by the pleading requirements for a legal cause of action. An employer may exercise discretion to grant an exemption more liberally than what is required to plead a Title VII religious discrimination case. Likewise, the Court is not bound by PeaceHealth's actions; it must follow the pleading requirements set out in Title VII statute and case law and cannot simply determine that Plaintiffs meet those pleading requirements because PeaceHealth granted their exemption requests. The Court rejects this argument.

    B.   Equitable Estoppel

Plaintiffs argue that Defendant is estopped from challenging Plaintiffs' pleadings because Defendant "accepted the Plaintiffs' requested religious exemptions without further question," failed to "allow Plaintiffs to create a more robust record of their religious beliefs," and "is now claiming that Plaintiffs' beliefs were insincere, or lacked enough specificity but without having given Plaintiffs the opportunity to address those alleged deficiencies before they were terminated." Pls. Resp. at 11. Defendant argues that an employer who "err[s] on the [liberal] side of allowing

Page 13 – OPINION AND ORDER

requests for religious exemptions" should not then be determined to have waived rights and defenses in future litigation. Def. Reply at 3, ECF No. 21. Defendant further argues that Plaintiffs "retained their 'duty of care' in providing information about their requested beliefs[.]" *Id.*

"Equitable estoppel prevents a party from assuming inconsistent positions to the detriment of another party." *United States v. Georgia-Pac. Co.*, 421 F.2d 92, 96 (9th Cir. 1970). Equitable estoppel is a defense that requires four elements: "(1) The party to be estopped must know the facts; (2) [they] must intend that [their] conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended; (3) the latter must be ignorant of the true facts; and (4) [they] must rely on the former's conduct to his injury." *Id.* "The doctrine of equitable estoppel does not erase the duty of due care and is not available for the protection of one who has suffered loss solely by reason of [their] own failure to act or inquire." *Hampton v. Paramount Pictures Corp.*, 279 F.2d 100, 104 (9th Cir. 1960).

Equitable estoppel does not apply here. Equitable estoppel is an affirmative defense that Plaintiffs seek to use as a sword. Plaintiffs appear to argue that their pleading deficiencies are due to their detrimental reliance on Defendant who failed to tell them about the required elements for a religious discrimination lawsuit. But even if it were justifiable to rely on Defendant for this information—and it was not— it was Plaintiffs' duty to completely and accurately describe the religious grounds for requesting a vaccine exemption. If Plaintiffs failed to provide that information— information that was in their sole possession—they cannot now shift the blame to the

party who lacked that information. Finally, Defendant had no duty to provide legal advice to Plaintiffs about what they should put on their exemption request forms to enable them to sue Defendant down the road. The Court rejects the equitable estoppel argument.

C. First Amendment Free Speech and Free Exercise Violations

Plaintiffs assert that by "scrutinizing the content and viewpoint of the Plaintiffs [as] expressed in their religious exemption[] [requests]," the Court "implicates" Plaintiffs' First Amendment free speech rights and Plaintiffs' First Amendment free exercise rights. Pls. Resp. at 7. Plaintiffs insist that the Court exceeds its authority to examine Plaintiffs' religious exemption forms and that the Court's inquiry "is limited to determining if the religious exemption requests contain some reference to religion, God, or some type of religious belief." *Id.*

To support its assertions, Plaintiff cites *Rainey v. Westminster Pub. Schs.*, 22-cv-03166-RMR-KAS, 2024 WL 3329048 (D. Colo. July 7, 2024). But unlike the *Rainey* plaintiffs, who brought both a §1983 free speech claim and a Title VII claim, Plaintiffs here have not brought a First Amendment free speech claim. Thus, Plaintiffs' assertion that the Court "implicates" Plaintiffs' free speech rights is inapposite.

As to the Title VII claim, the Ninth Circuit standards for assessing such claims are clear. A court is to probe the pleading to determine whether plaintiff has alleged an actual religious-based conflict with an employment requirement. *Bolden-Hardge*, 63 F.4th at 1223 (rejecting plaintiff's argument that defendant's 12(b)(6) motion is "inviting us to opine impermissibly on whether her religious views are reasonable[]"

Page 15 – OPINION AND ORDER

and explaining that "we do not interrogate the reasonableness of [plaintiff's] beliefs and instead focus our inquiry on whether she has alleged an actual conflict"). Plaintiffs' cited case does not hold to the contrary. *Rainey*, 2024 WL 3329048, at *7, 9 ("[I]nquiries into the sincerity of [plaintiffs'] religious beliefs" is impermissible, but "[s]o long as [plaintiffs] are connecting their objection . . . to specific religious principles, they have satisfied their burden at this stage").

The Court rejects the First Amendment free speech and free exercise violations argument.

IV.   *Leave to Amend*

Plaintiffs request leave to amend their Complaint a second time. They assert that "additional emails or oral statements may have been provided by the Plaintiffs to the [D]efendant during their employment which might provide greater detail about their religious beliefs." Pls. Resp. at 9.

Under Federal Rule of Civil Procedure 15(a), "after a party has amended a pleading once as a matter of course, it may only amend further after obtaining leave of the court, or by consent of the adverse party." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Further, "leave shall be freely given when justice so requires." *Id.* (internal quotation marks and citation omitted). And "[d]ismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009) (internal quotation marks and citations omitted).

Page 16 – OPINION AND ORDER

Defendant argues that further amendment cannot save Plaintiffs' complaints because "'the only allegations Plaintiff[s] may raise are those that [they] provided to [their] employer at the time [they] applied for an exemption,'" and they have already raised those allegations here. Def. Mot. at 10 (quoting *Prakash v. Oregon Health and Science Univ.*, No. 3:23-cv-01653-IM, 2024 WL 3494981, at *4 (D. Or. July 2024).

In their FAC, Plaintiffs provided the grounds for the religious exemptions they sought from Defendant, and the Court has determined that those grounds are insufficient to state a claim of religious discrimination under Title VII and state law. Because Plaintiffs are unable to amend their religious exemption requests, any attempt to further amend their Complaint would be futile.

## CONCLUSION

For the reasons explained, Defendant's Partial Motion to Dismiss, ECF No. 19, is GRANTED. The employment discrimination claims of Plaintiffs Beeching, Crawford, and Gillette, under Title VII of the Civil Rights Act of 1964 and ORS 659A.030, are DISMISSED with prejudice.

It is so ORDERED.

DATED this  30th  day of January 2025.


/s/Ann Aiken
ANN AIKEN
United States District Judge